## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>  -against-<br><br>MEDIUM RARE N.V. d/b/a STAKE.COM, SWEEPSTEAKS LTD. d/b/a STAKE.US, EASYGO GROUP HOLDINGS PTY LTD., EASYGO ENTERTAINMENT PTY LTD., MEDIUM RARE LTD., SLICEMEDIA B.V., BIJAN TEHRANI, EDWARD CRAVEN, CHRISTOPHER FREEMAN COINBASE, INC.; and COINBASE GLOBAL, INC.,<br><br>      Defendants. | Case No: 1:26-cv-05975-JPC<br><br>**DECLARATION OF JARROD ANTHONY FEBBRAIO REGARDING STAKE.US IN SUPPORT OF THE STAKE DEFENDANTS' NOTICE OF REMOVAL**<br><br>[Index No. 154566/2026 in Supreme Court of the State of New York, County of New York] |

### DECLARATION OF JARROD ANTHONY FEBBRAIO REGARDING STAKE.US IN SUPPORT OF THE STAKE DEFENDANTS' NOTICE OF REMOVAL

I, Jarrod Anthony Febbraio, declare as follows:

1. I am one of the corporate executives at Sweepsteaks LTD. d/b/a Stake.us ("Stake.us"), one of the named defendants in the above captioned matter. My title is Director of Stake. Since November 10, 2025, I have been responsible for oversight of operations relating to Stake.us. Through that work, I am familiar with the current and historical systems and records that, among other aspects, relate to Stake.us account holders' records and account sign-in and sign-up flows. I make the statements in this declaration based on my personal knowledge of the matters set forth below and based upon my review of records maintained in the ordinary course of business. If called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of the Notice of Removal filed concurrently herewith by Defendants Medium Rare N.V. d/b/a Stake.com, Stake.us, Easygo Group Holdings

Pty Ltd., Easygo Entertainment Pty Ltd., Medium Rare Ltd., Slicemedia B.V., Bijan Tehrani, and Edward Craven.

3.      I have reviewed what I understand to be the Complaint in the civil action captioned *John Doe v. Medium Rare N.V. d/b/a Stake.com, et al.* (154566/2026, Sup. Ct., N.Y. Cnty., Apr. 7, 2026), currently pending in New York Supreme Court County of New York.

4.      Stake.us is an online interactive social gaming platform that provides casino-style games (the "Stake.us Platform").

5.      It is my understanding that counsel for Plaintiff provided counsel for Defendants information on Plaintiff including Plaintiff's full name, date of birth, as well as his email addresses and usernames for certain accounts he opened with certain Defendants.  I have reviewed Stake.us's records regarding Plaintiff's user accounts on the Stake.us Platform, which are maintained in the ordinary course of business.

6.      According to Stake.us's records, Plaintiff registered for his Stake.us account on April 1, 2023; this account remains open as of the date of this declaration.

### A.  Stake.us Account Creation Process

7.      In order to access and use the Stake.us Platform, including playing games, making any purchases, and/or redeeming prizes, Stake.us users are required to create a user account.

8.      At the time Plaintiff created his Stake.us account, he was required to provide his email address and date of birth and create a username and password.  The Stake.us Platform's registration screen informed users that by clicking the "Play Now" button, they indicated that they had read and acknowledged the Stake.us Terms and Conditions (the "Stake.us Terms").  The phrase "Terms and Conditions" was bold and hyperlinked.  Clicking the link would display the

then-operative Terms in their entirety. I attest that the below is a true and accurate screenshot of the aforementioned registration screen:



9.      When a user accepts the Stake.us Terms, the time stamp of that acceptance is automatically recorded on Stake.us's servers. Stake.us's records show that Plaintiff accepted the Stake.us Terms upon signing up on April 1, 2023, at 5:05AM. A true and accurate copy of the Stake.us Terms and Conditions that were effective when Plaintiff accepted them on April 1, 2023, is attached hereto as **Exhibit A**.

10.     Stake.us periodically updates the Stake.us Terms and the process by which users accept these Terms.

11.     Starting in May 2023, Stake.us instituted a new process by which the Stake.us Platform displayed a mandatory acceptance window to all users who had not yet accepted the most up-to-date version of the Stake.us Terms.  This window displayed the updated version of the Stake.us Terms and required the user to scroll through them in their entirety before clicking a checkbox indicating that he or she agreed to the updated version of the Stake.us Terms.

12.     I attest that the below is a true and accurate screenshot of the aforementioned mandatory acceptance window:



13.     Stake.us's records also show that Plaintiff accepted the Stake.us Terms on September 19, 2023, at 01:53:27AM GMT, using the procedures identified in paragraphs 11 and 12.  A true and accurate copy of the Stake.us Terms and Conditions that were in effect when Plaintiff accepted them on September 19, 2023, is attached hereto as **Exhibit B**.

14.     Further, although the Stake.us Terms permit users to opt out of the arbitration agreement contained in the Stake.us Terms within 30 days of acceptance, Stake.us has no record of Plaintiff ever doing so

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July <u>14</u>, 2026 in <u>Singapore</u>

<u>Jarrod Febbraio</u>
Jarrod Anthony Febbraio