

**Orrick, Herrington & Sutcliffe LLP**
2100 Pennsylvania Avenue NW
Washington, DC 20037-3202

+1 202 339 8400
**orrick.com**

**David McGill**

E  dmcgill@orrick.com
D  +1 202 339 8666
F  +1 202 339 8500

**VIA ECF**

August 5, 2026

Hon. John P. Cronan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Stake Defendants' Pre-Motion Letter – Motion to Compel Arbitration
    *Doe v. Medium Rare N.V., et. al.*, 1:26-cv-05975 (JPC) (OTW)

Dear Judge Cronan:

On behalf of Defendants Medium Rare N.V. d/b/a Stake.com ("Medium Rare"), Sweepsteaks Ltd. d/b/a Stake.us ("Sweepsteaks"), EasyGo Group Holdings Pty Ltd., EasyGo Entertainment Pty Ltd., Medium Rare Ltd., Slicemedia B.V., Bijan Tehrani, and Edward Craven (collectively, the "Stake Defendants"), I write to advise the Court of the Stake Defendants' intention to file a motion to compel arbitration and stay proceedings (the "Motion to Compel").  Background on this case, the Motion to Compel, the Stake Defendants' anticipated arguments, and a proposed briefing schedule are set forth below.

**Background:** Plaintiff represents that he is a resident of Westchester County, New York. Complaint for Damages ("Complaint," NYSCEF[1] Doc. No. 6) ¶ 10.  Defendant Medium Rare is a Curaçao limited liability company; according to Plaintiff, "Medium Rare owns and operates the online casino Stake.com."  *Id.* ¶¶ 44, 61.  Defendant Sweepsteaks is a Cyprus limited liability company; according to Plaintiff, Sweepsteaks operates the website Stake.us as "a sweepstakes casino."  *Id.* ¶¶ 48, 145.  The remaining Stake Defendants are individuals or entities allegedly affiliated with Sweepsteaks and/or Medium Rare.  *Id.* ¶¶ 37–55.

Plaintiff initiated this action in Supreme Court of the State of New York, County of New York, on April 7, 2026.  *See* Summons, NYSCEF No. 1.  In his Complaint, Plaintiff alleges that he previously created an account on Stake.com on or about November 26, 2018.  Compl. ¶ 366.[2] Plaintiff also created an account on Stake.us on April 1, 2023.  *See* Declaration of Jarrod Anthony

---

[1] All documents filed on the state court docket (*John Doe v. Medium Rare N.V. d/b/a Stake.com, et al.* (154566/2026, Sup. Ct., N.Y. Cnty., Apr. 7, 2026)) prior to the Stake Defendants' removal of this case on July 15, 2026 are appended as Exhibit B to the Stake Defendants' Notice of Removal, ECF Doc. No. 1.

[2] According to Medium Rare's records, Plaintiff had two accounts on Stake.com: the first created on August 31, 2017, and the second created on May 24, 2019.  Declaration of Jarrod Anthony Febbraio Regarding Stake.com in Support of the Stake Defendants' Notice of Removal (the "Stake.com Declaration," ECF No. 6) ¶¶ 7–8.



Honorable John P. Cronan
August 5, 2026
Page 2

Febbraio Regarding Stake.us in Support of the Stake Defendants' Notice of Removal (the "Stake.us Declaration," ECF No. 7) ¶ 6.  Plaintiff alleges that he subsequently "engaged in frequent online gambling activity," Compl. ¶ 12, and "incurred substantial online gambling losses" as a result.  *Id.* ¶ 13.  He also alleges that he was later "diagnosed with compulsive gambling disorder and panic disorder, [and] suffers from anxiety, depression, and recurring panic attacks." *Id.* ¶ 22.  All of Plaintiff's claims arise from these core factual allegations.

On July 15, 2026, the Stake Defendants removed this action to this Court.  *See* Notice of Removal, ECF Doc. No. 1.  On July 21, 2026, in response to a request by the parties, the Court issued an order extending Defendants' deadline to answer or file a pre-motion letter to August 5, 2026. Order, ECF Doc. No. 17.

**Motion to Compel**[3]**:** As set forth above, Plaintiff created a Stake.us account on April 1, 2023. Stake.us Decl. ¶ 6.  During the account opening process, Plaintiff accepted the version of the Stake.us Terms of Service in effect at that time (the "Stake.us ToS"), attached as Exhibit A to the Stake.us Declaration.  *Id.* ¶ 9.  Subsequently, on September 19, 2023, Plaintiff also accepted an updated version of the Stake.us ToS (the "Updated Stake.us ToS"), attached as Exhibit B to the Stake.us Declaration.  *Id.* ¶ 13.

Both versions of the Stake.us ToS that Plaintiff accepted include an arbitration provision (the "Arbitration Agreement").  This Arbitration Agreement requires Plaintiff to submit to arbitration "any and all past, present and future disputes, claims or causes of action between [Plaintiff] and [Sweepsteaks] or any of its affiliates, subsidiaries, ultimate parent and parent companies, partners, officers, directors, employees, contractors, shareholders, agents, licensors, subcontractors or suppliers."  *See* Stake.us Decl. Ex. A ¶ 26.3; Stake.us Decl. Ex. B ¶ 26.3.  This language, by its plain terms, covers all Plaintiff's claims against Sweepsteaks (as the direct signatory to the Arbitration Agreement), as well as those against the remaining Stake Defendants (as third party beneficiaries to the Arbitration Agreement and under the doctrine of equitable estoppel).

While the Complaint suggests that Plaintiff cannot be bound by the Arbitration Agreement because certain of his claims allegedly arose (at least in part) when he was a minor, *see* Compl. ¶¶ 111–12, this argument fails for at least two reasons.  First, the Arbitration Agreement includes a delegation clause delegating the issue of arbitrability to an arbitrator, *see* Stake.us Decl. Ex. A ¶ 26.7; Stake.us Decl. Ex. B ¶ 26.6, meaning Plaintiff's challenge to the Arbitration Agreement based on the fact that he originally agreed to it when he was a minor is itself subject to arbitration.  Second, even if

---

[3] In setting forth their anticipated arguments in support of the Motion to Compel herein, the Stake Defendants reserve all rights and defenses, including the right to modify these arguments or assert new arguments in their forthcoming briefing.



Honorable John P. Cronan
August 5, 2026
Page 3

the Court were to consider Plaintiff's argument, it would fail, including because Plaintiff expressly accepted the Updated Stake.us ToS *after* he turned eighteen, and also ratified his original acceptance of the Stake.us ToS through his failure to disaffirm it within a reasonable amount of time and his continued access to the Stake.us platform. Accordingly, all claims against the Stake Defendants are subject to arbitration.

**Proposed Schedule:** The Stake Defendants understand that Defendants Christopher Freeman, Coinbase, Inc., and Coinbase Global, Inc. also intend to move to compel arbitration, and Plaintiff intends to cross-move for remand with respect to the anticipated motions to compel arbitration. Defendants have conferred with Plaintiff's counsel on a joint briefing schedule, and the parties propose the following:

- August 28, 2026: Deadline for Defendants' motions to compel
- October 28, 2026: Deadline for Plaintiff's oppositions to the motions to compel and Plaintiff's cross-motion to remand
- December 2, 2026: Deadline for Defendants' replies in support of the motions to compel and Defendants' oppositions to the cross-motion to remand
- December 23, 2026: Deadline for Plaintiff's reply in support of the cross-motion to remand

Additionally, the parties propose that each Defendants' deadline to answer or assert any grounds for dismissal under Federal Rule of Civil Procedure 12(b) be stayed until such time as the Court issues an order or orders adjudicating each Defendant's motion to compel arbitration and Plaintiff's cross-motion to remand. The parties further propose that, should the motion for remand be denied, the relevant parties will submit to the Court a proposed schedule for Defendants to answer or move to dismiss under Rule 12(b) within seven days of each order by the Court adjudicating one or multiple of the motions to compel arbitration.

**Reservation of Rights:** Plaintiff and Defendants have agreed and intend to stipulate that (1) by filing their motions to compel arbitration, Defendants expressly reserve and do not waive any objections they might raise to the Complaint under Federal Rule of Civil Procedure 12(b), including any objections based on lack of personal jurisdiction, and (2) Plaintiff will not challenge any motions Defendants subsequently file under Rule 12(b) on the basis of timeliness, waiver, forfeiture, and/or abandonment.

Respectfully submitted,

*/s/ David McGill*
David McGill