# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

E. Scott Schirick                    Direct Dial: 212-905-9032                    Email: scott.schirick@alston.com

*VIA ECF*

August 5, 2026

Hon. John P. Cronan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312
CronanNYSDChambers@nysd.uscourts.gov

Re:    *Doe v. Medium Rare N.V. d/b/a Stake.com, et al.*, Case No. 1:26-cv-05975 (JPC) (OTW)
       Pre-Motion Letter on Defendant Freeman's Motion to Compel Arbitration

Dear Judge Cronan:

On behalf of Defendant Christopher Freeman, we write to advise the Court of Mr. Freeman's intent to file a motion to compel arbitration and to stay this action pursuant to Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3, 4. In compliance with Rule 6.A of the Court's Individual Rules and Practices, this letter sets forth the basis of the anticipated motion and a proposing briefing schedule.

## Plaintiff John Doe's Allegations

Plaintiff John Doe alleges that, while a minor in New York, he was recruited to participate in online gambling through platforms including Stake.us, Stake.com, and Primedice. *See* NYSCEF Doc. No. 6, Compl. ¶¶ 11-13. Plaintiff names multiple corporate and individual defendants, alleging they collectively operated as an "integrated machine" or enterprise facilitating his offshore gambling activity. *Id.* ¶ 80. The Complaint alleges that this enterprise enabled and prolonged Plaintiff's underage offshore gambling, resulting in the alleged financial losses, addiction-related injuries, and other damages. *Id.* ¶ 6.

As to Defendant Christopher Freeman, Plaintiff alleges that Mr. Freeman co-founded Primedice, a predecessor gambling site to Stake.com and its alleged clone Stake.us. *Id.* ¶¶ 55, 149. Plaintiff further alleges that Primedice is operated by Defendant Slicemedia, an entity within the Stake.com corporate family. *Id.* The Complaint characterizes Mr. Freeman as "integrally involved" in the design and operation of Primedice, as well as in the "early corporate decisions regarding the operation of the enterprise." *Id.* ¶ 56. According to Plaintiff, Mr. Freeman developed features for Primedice that would later come to be used by Stake.us and Stake.com, including, by way of example, certain games, technologies, and functionalities shared by both sites. *Id.* ¶¶ 106,

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Brussels | Century City | Charlotte | Chicago | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

149. Plaintiff's allegations thus link Mr. Freeman's alleged role to the Stake.com enterprise-wide conduct that Plaintiff claims caused his injuries. *Id.* ¶¶ 6, 80–81, 106, 184.

The Stake.us Terms of Service (the "Stake.us ToS") provide the contractual basis for the anticipated motion to compel. Plaintiff created a Stake.us account on April 1, 2023, while he was still a minor, and accepted the version of the Stake.us ToS then in effect. Declaration of Jarrod Anthony Febbraio Regarding Stake.us in Support of the Stake Defendants' Notice of Removal (the "Stake.us Decl."), ECF No. 7 ¶¶ 6, 9 & Ex. A. After turning eighteen, Plaintiff accepted an updated version of the Stake.us ToS on September 19, 2023. *Id.* ¶ 13 & Ex. B. Both versions contained the arbitration provision Mr. Freeman will seek to enforce. *Id*. Ex. A ¶ 26.3; *id*. Ex. B ¶ 26.3.

## Motion to Compel Arbitration

Mr. Freeman intends to move to compel Plaintiff John Doe to arbitrate the claims asserted against him pursuant to the Stake.us ToS. Although Mr. Freeman is not a signatory to the Stake.us ToS, he may enforce its arbitration provision on two independent bases: equitable estoppel and third-party beneficiary status. Mr. Freeman's motion will also seek a stay pending completion of the arbitration.

Equitable Estoppel. Equitable estoppel permits a non-signatory to compel arbitration when the signatory's claims are intertwined with the agreement containing the arbitration provision and the parties' relationship makes it inequitable for the signatory to avoid arbitration. *See Ragone v. Atl. Video*, 595 F.3d 115, 126-127 (2d Cir. 2010). To invoke equitable estoppel, the non-signatory must establish that (1) "the claims that the nonsignatory sought to arbitrate were intimately founded in and intertwined with the underlying contract obligations," and (2) "there must be a relationship among the parties of a nature that justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement." *Shepherd v. Belkin Int'l, Inc.*, 683 F. Supp. 3d 282, 289 (E.D.N.Y. 2023) (citation omitted). Both elements are satisfied here.

*First*, Plaintiff's claims against Mr. Freeman are intertwined with the claims asserted against Defendant Sweepsteaks Ltd. d/b/a Stake.us (a signatory to the Stake.us ToS), Defendant Medium Rare N.V. d/b/a Stake.com, and their affiliates and principals (the "Stake Defendants"). Each claim against Mr. Freeman also is asserted against the Stake Defendants and rests on the same alleged platform access, deposits, losses, and alleged enterprise-wide misconduct. *See* NYSCEF Doc. No. 6, Compl. ¶¶ 410-425, 465-493. Plaintiff asserts no standalone claim against Mr. Freeman apart from the claims premised on Mr. Freeman's alleged Stake.us- and Stake.com-based conduct. Equitable estoppel therefore supports compelling those claims to arbitration. *See Ragone*, 595 F.3d at 127; *Shepherd*, 683 F. Supp. 3d at 288-89 (granting motion to compel because claims against signatories and non-signatories were "not merely intertwined – they [were] identical.").

*Second*, the relationship between Mr. Freeman, the Stake Defendants, and Plaintiff justifies compelling arbitration. This element "will usually be met in cases involving corporate affiliates, subsidiaries, agents, or 'other related business entities' and in 'a limited number of [other]

circumstances,' such as when 'the signatory seeking to avoid arbitration treated the other signatory and nonsignatory as interchangeable with respect to its rights and responsibilities under the relevant contract.'" *Shepherd*, 683 F. Supp. 3d at 287 (citation omitted). Plaintiff's allegations establish such a relationship. He alleges that Mr. Freeman co-founded Primedice, was "integrally involved" in its design and operation, helped make early corporate decisions for the broader enterprise, and developed features later used by Stake.com and Stake.us. *See* NYSCEF Doc. No. 6, Compl. ¶¶ 55–56, 80, 106, 149. As in *Shepherd*, where the plaintiff's complaint treated the signatory and non-signatory as interchangeable participants in the same challenged transaction, Plaintiff's allegations justify estopping him from avoiding arbitration with Mr. Freeman. *See Shepherd*, 683 F. Supp. 3d at 288–89.

Because both elements are satisfied, Mr. Freeman is entitled to compel Plaintiff's claims against him to arbitration on equitable-estoppel grounds.

Third-Party Beneficiary. Mr. Freeman also may enforce the Stake.us ToS arbitration provision as an intended third-party beneficiary. A non-signatory may enforce an arbitration clause where the contract language reflects an intent to benefit or permit enforcement by a non-signatory. *See Borsack v. Chalk & Vermilion Fine Arts, Ltd.,* 974 F. Supp. 293, 300-02 (S.D.N.Y. 1997). The Stake.us arbitration provision expressly extends to disputes involving Stake.us and its "affiliates, subsidiaries, ultimate parent and parent companies, partners, officers, directors, employees, contractors, shareholders, agents, licensors, subcontractors or suppliers"—language amply broad to encompass Mr. Freeman given Plaintiff's allegations that he co-founded Primedice, was "integrally involved" in its design and operation, and developed Stake.com's supposed offending features. *See* NYSCEF Doc. No. 6, Compl. ¶¶ 55-56, 106; Stake.us Decl. Ex. A ¶ 26.3; *id.* Ex. B ¶ 26.3. Because Plaintiff alleges that Primedice was a predecessor to Stake.com and part of the same Stake enterprise, Mr. Freeman falls within the category of listed beneficiaries against whom claims must be arbitrated. *See Borsack*, 974 F. Supp. at 300-02; NYSCEF Doc. No. 6, Compl. ¶¶ 55, 80-81.

### Proposed Briefing Schedule

With respect to the proposed briefing schedule, Mr. Freeman agrees with the joint briefing schedule set forth in the Stake Defendants' pre-motion letter.

\* \* \*

For the foregoing reasons, Mr. Freeman respectfully requests that the Court schedule a pre-motion conference and authorize him to file his motion to compel arbitration.

Respectfully submitted,

*/s/ E. Scott Schirick*

E. Scott Schirick

cc: Counsel of Record (via ECF)
Joseph Tully, Esq.