**SEEGERWEISS** LLP

NEW YORK • NEW JERSEY • PHILADELPHIA

August 10, 2026

VIA CM/ECF AND EMAIL

Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: ***Doe v. Medium Rare N.V., et al.*, No. 1:26-cv-05975 (JPC) (OTW)**

Dear Judge Cronan:

We write, pursuant to Your Honor's Individual Rules, to inform the Court that Plaintiff in the above-captioned action intends to oppose the Stake Defendants', the Coinbase Defendants', and defendant Christopher Freeman's contemplated motions to compel arbitration and will cross-move to remand this action.[1]

This case involves no federal claims nor is there diversity among the parties. The removal in this case was based exclusively upon the New York Convention, a multilateral treaty governing international commercial arbitration. The Court's ability to continue to hear this dispute hinges on the threshold merits question of whether the Stake Defendants have met their burden to show that a valid and enforceable arbitration agreement exists "falling under the Convention." *See* 9 U.S.C. § 205 (limiting removal to agreements "falling under the Convention"). Without such a showing on the merits, the Court has no independent basis to continue to retain jurisdiction, and the case must be remanded to state court in its entirety. *See Holzer v. Mondadori*, No. 12-cv-5234, 2013 WL 1104269, at *15 (S.D.N.Y. Mar. 14, 2013) (after considering the merits, holding claims "do not belong in federal court under sections 203 and 205 of the Convention" and remanding to state court). The Stake Defendants will be unable to make such a showing. Their pre-motion letter instead signals an intention to bypass the requirements specific to the New York Convention and proceed as if this case involved enforcement of an ordinary arbitration clause pursuant to the Federal Arbitration Act, in a case where federal jurisdiction would already exist on independent grounds.

***Background***

This is a state-law tort case about the negligence of an illegal offshore gambling syndicate (the "Stake Defendants")[2] that deliberately took bets from a minor here in Westchester County,

---

[1] As Defendants have not yet filed their motions, this letter does not set out the entirety of Plaintiff's bases for opposing the anticipated motions, and plaintiff reserves the right to raise additional arguments in his opposition and cross-motion.

[2] The Stake Defendants are Medium Rare N.V. d/b/a Stake.com, Sweepstakes Ltd. d/b/a Stake.us, EasyGo Group Holdings Pty Ltd, EasyGo Entertainment Pty Ltd., Medium Rare Ltd., Slicemedia B.V.,

New York, and the cryptocurrency exchange (the "Coinbase Defendants")[3] that supplied the only currency in which those bets could be placed.

In the words of defendant Christopher Freeman, the founders of the Stake gambling operation, Bijan Tehrani, and Edward Craven, created a "web of offshore entities to keep their identities and 'fingerprints' off the operating entities" of these illegal gambling websites due to the "legal risks" inherent in running an illegal offshore gambling platform. (Compl. ¶64.) The illegal Stake operation has been a success. From its offshore locations, it continues to market candy-styled games to children in New York and elsewhere while raking in billions in wagers each year. (*Id.* ¶¶ 376, 129, 179–180).

Plaintiff grew up and still resides in Westchester County, New York. (*Id.* ¶¶ 10, 319). From his family's home in Westchester, when Plaintiff was twelve years old, he was lured by online influencers, who were being paid by the Stake Defendants, to create an account on a Stake website and gamble. (*Id.* ¶¶ 319-334). The Stake Defendants had a deliberate business policy of encouraging minor gambling, including an age-verification system that, by design, screened out no one. (*Id.* ¶ 457). Coinbase negligently processed the financial transactions necessary for this to occur from a funding source that presented to Coinbase as a "High School Checking" account. (*Id.* ¶¶354–363).

### *This Case Should be Remanded to State Court*

As the claims in this action are governed entirely by state law, and no diversity exists among the parties, this action was filed on April 10, 2026, by the Plaintiff in New York Supreme Court. After the assigned judge in the matter expressed skepticism of the viability of the Defendants' ability to force the Plaintiff into arbitration (*see* ECF No. 1, Ex. C), the Stake Defendants removed this action based upon the New York Convention, a multilateral treaty governing international commercial arbitration. *See* 9 U.S.C. § 205. Notably, this removal is premised on a purported agreement signed by only *one* defendant in this case, Sweepstakes Ltd. d/b/a Stake.us.

Absent a showing by the Stake Defendants on the merits that there is a valid and enforceable arbitration clause that "falls under the Convention," this entire action must be remanded to New York Supreme Court. *See Holzer,* 2013 WL 1104269, at \*15. If an "action does *not* comport with the 'provisions and spirit' of the Convention," a federal district court lacks subject matter jurisdiction to continue to retain the case. *Molecular Dynamics, Ltd. v. Spectrum Dynamics Med. Ltd.,* 143 F.4th 70, 87–89 (2d. Cir. 2025) (emphasis original, citation omitted). And, under the Convention, the Court cannot order arbitration if it finds the agreement "null and void, inoperative or incapable of being performed." *See* New York Convention, art. II(3).

Here, this threshold question, satisfaction of the New York Convention's requirements, must be addressed antecedent to any other issues raised. The Stake Defendants may not simply ignore this inquiry but must make an evidentiary showing. Indeed, their premotion letter mentions

---

Bijan Tehrani, and Edward Craven. Christopher Freeman is also a defendant but has retained separate counsel.

[3] The Coinbase Defendants are Coinbase, Inc. and Coinbase Global, Inc.

neither the Convention nor any of its requirements.  This is especially true given that the purported Stake.us agreement is plainly invalid as an agreement collateral to an illegal gambling transaction and null and void on its face.  *See* 7 Williston on Contracts § 17:26.

Moreover, the Stake Defendants have competing purported agreements with the Plaintiff, and only one defendant, Sweepstakes Ltd. d/b/a Stake.us, actually signed the purported Stake.us agreement.  Stake.com claims the benefit of that Stake.us agreement, but Stake.com maintains its own separate terms and conditions that do not have an arbitration clause.  Freeman likewise cannot show a relationship with Stake.us close enough that a reasonable person agreeing to the Stake.us agreement would have understood the clause to cover him.  *See Ross v. Am. Exp. Co*., 547 F.3d 137, 148 (2d Cir. 2008).  Indeed, Freeman, in 2023, publicly described Stake.us as "illegal online gambling" and "yet another example of the clandestine corporate structures Craven and Tehrani habitually deploy," observing that it employs "deceptive practices [that] prey upon individuals who struggle with gambling addiction."  *See Freeman v. Stake.com et al.,* Index No. 653247/2023, Complaint, Dkt. No. 2, (N.Y. Sup. Ct., N.Y. Cty., July 6, 2023).

### *The Court Has No Jurisdiction Over Coinbase*

The Coinbase Defendants acknowledge that there is no independent federal jurisdiction with respect to their purported domestic arbitration clauses.  Coinbase is before this Court exclusively because it has piggybacked on the Stake Defendants' New York Convention removal. If the Stake Defendants' agreement does not "fall under" the Convention, the entire case must be remanded. *See Holzer*, 2013 WL 1104269, at \*15*.  Moreover, even if original federal jurisdiction existed, Coinbase has the burden of establishing supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367 and may not simply assume jurisdiction exists in the first instance, as its letter appears to do. *See Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).

Even assuming jurisdiction exists, Coinbase's various competing arguments lack merit. Its lead argument that a purported 2025 arbitration agreement controls based on a unilateral email modification by Coinbase flies in the face of basic contract-formation principles that a passive email notice and continued use alone is not sufficient to establish assent.  *See Starke v. SquareTrade, Inc.*, 913 F.3d 279, 292–297 (2d Cir. 2019). Moreover, the 2025 agreement (containing no delegation clause) by its terms is not retroactive to cover the conduct giving rise to this case, as the retroactivity language Coinbase had used in the past was removed in the 2025 version. *See* Cal. Civ. Code § 1654 (ambiguities "most strongly" construed against the drafter); ECF No. 23-2 at 25; 23-3 at 30–31 (containing later-removed retroactivity language). Lastly, as Coinbase's letter concedes, the 2022 and 2023 agreements occurred when Plaintiff was a minor. *See Melendez v. Ethical Culture Fieldston School*, 789 F. Supp. 3d 316, 329 n.5 (S.D.N.Y. 2025) (holding "a court must decide whether a minor properly voided a contract containing an arbitration provision before it may enforce that arbitration provision, the delegation clause likewise may be enforced only once the Court is satisfied that the contract containing it is valid.").

### *Briefing Schedule*

Plaintiff agrees with the briefing schedule proposed in the Stake Defendants' pre-motion letter.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Michael J. Castiglione*
David R. Buchanan
Michael J. Castiglione
Nigel P. Halliday (*pro hac vice* to be filed)
**SEEGER WEISS LLP**
55 Challenger Road, Sixth Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Facsimile: (973) 639-8656
dbuchanan@seegerweiss.com
mcastiglione@seegerweiss.com
nhalliday@seegerweiss.com

Frederick Schenk (*pro hac vice* to be filed)
Benjamin S. Schenk (*pro hac vice* to be filed)
**THE SCHENK LAW FIRM, LLP**
3180 University Ave, Suite 260
San Diego, California 92104
Telephone: (858) 424-4444
Facsimile: (858) 206-9008
fred@schenklawfirm.com
ben@schenklawfirm.com

Troy Rafferty (pro hac vice to be filed)
Madeline Pendley (*pro hac vice* to be filed)
**RAFFERTY DOMNICK CUNNINGHAM &
YAFFA**
815 South Palafox Street, 3rd Floor
Pensacola, FL 32502
Telephone: (850) 208-0830
troy@pbglaw.com
madeline@pbglaw.com

*Counsel for Plaintiff*

4