August 13, 2026

Hon. John P. Cronan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Joint Letter in Response to Court Order Dated August 6, 2026
  *Doe v. Medium Rare N.V., et al.*, 1:26-cv-05975 (JPC) (OTW)

Dear Judge Cronan:

On behalf of all parties in this action, we write in response to the Court's order directing the parties to submit a joint letter "explaining whether a court must have personal jurisdiction over a party in order to grant that party's motion to compel arbitration." ECF No. 24. To the extent the Court desires further briefing on this issue, the parties respectfully request that the Court permit them to address this matter in briefing on their motions to compel arbitration and motion to remand.

**DEFENDANTS' POSITION:** In their Stipulation Regarding Preservation of Rule 12(b) Defenses and Objections (the "Stipulation," ECF No. 22), Defendants and Plaintiff "agree[d], that—in the interests of judicial economy—Defendants' Motions to Compel should be briefed before Defendants file a motion to dismiss under Rule 12(b)." Stipulation at 2. While "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties (personal jurisdiction)[,] . . . a federal court has 'leeway to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Because a motion to compel arbitration is such a threshold, pre-merits issue, "courts in this district routinely 'resolve a motion to compel arbitration prior to resolving a motion to dismiss for lack of personal jurisdiction.'" *Navigator Acquisition Corp. v. MGID Grp. Holdings Ltd.*, 2026 WL 1295832, at *2 (S.D.N.Y. May 12, 2026). Indeed, Judge Cote recently explained that, because she had granted a motion to compel arbitration, "it [wa]s unnecessary to reach . . . [a defendant's] motion to dismiss based on lack of personal jurisdiction." *Sound Around, Inc. v. Anhui Light Indus. Int'l Co.*, 2025 WL 3484829, at *4 n.5 (S.D.N.Y. Dec. 4, 2025); *see also, e.g., Desarrolladora La Ribera v. Anderson*, 2024 WL 5186600, at *10 (S.D.N.Y. Dec. 20, 2024) (agreeing with party's contention that "courts in this Circuit are free 'to resolve a motion to compel arbitration prior to resolving a motion to dismiss for lack of personal jurisdiction.'"); *Lewis v. ANSYS, Inc.*, 2021 WL 1199072, at *3 (S.D.N.Y. Mar. 30, 2021) ("Courts in this district will resolve a motion to compel arbitration prior to resolving a motion to dismiss for lack of personal jurisdiction"); *Burch v. 1412 Lansdowne Operating, LLC,* 2021 WL 4443768, at *3 (E.D.N.Y. Sept. 29, 2021) ("A court may resolve a motion to compel arbitration before addressing a motion to dismiss based on lack of personal jurisdiction or *forum non conveniens*."); *Boss Worldwide LLC v. Crabill*, 2020 WL 1243805, at *2 n.5 (S.D.N.Y. Mar. 16, 2020) ("Because the Court grants the motion to compel arbitration, it does not reach defendant's motion to dismiss for lack of personal jurisdiction and failure to state a claim pursuant to Rule 12(b)(2) and (6).").

This position also finds support in case law from courts outside this Circuit. Indeed, as recently as two weeks ago, the Eastern District of Virginia issued an order granting a motion to compel arbitration filed by some of the same defendants in this case, while denying a concurrently-filed

motion to dismiss for lack of personal jurisdiction as moot.  *Ridley v. Sweepsteaks Ltd.*, 2026 U.S. LEXIS 170482, at \*25 (E.D. Va. July 30, 2026).[1]

Moreover, a defendant who moves to compel arbitration does not waive any challenges to personal jurisdiction that it might have.  As the court stated in *Ramasamy v. Essar Global, Ltd*, "[t]he Court . . . reject[s] plaintiff's argument that defendant waived its personal jurisdiction defense by waiting to raise personal jurisdiction in its amended motion to dismiss, after already moving to dismiss or stay in favor of arbitration.  A defendant does not waive its right to raise a personal jurisdiction defense unless it first files either a responsive pleading or a motion under Rule 12, thereby showing it intends to defend the suit on the merits."  825 F. Supp. 2d 466, 467 n.1 (S.D.N.Y. 2011) (citations omitted).  Because a motion "to dismiss or stay in favor of arbitration is not a Rule 12 motion or a responsive pleading that shows the defendant has 'accede[d] to the district court's jurisdiction,'" the court held, it "**does not waive the right to later move to dismiss for lack of personal jurisdiction**."  *Id.* (emphasis added).[2]

For these reasons, this Court need not determine whether it has personal jurisdiction over any of the Defendants prior to resolving Defendants' motions to compel arbitration.  Moreover, the filing of Defendants' motions to compel arbitration will not waive their right to subsequently move to dismiss for lack of personal jurisdiction.  Nonetheless, should the Court prefer that Defendants file their motions to dismiss for lack of personal jurisdiction concurrently with their motions to compel, Defendants are willing and able to do so, to the extent they intend to challenge personal jurisdiction.

**PLAINTIFF'S POSITION**: The plaintiff's position is that there is personal jurisdiction over the Stake Defendants in this case under New York law.  *See* Compl. ¶¶ 90, 101, 104   Moreover, as indicated in the Plaintiff's response to the Stake Defendants' pre-motion letter, the Plaintiff will cross-move to remand the case to New York Supreme Court.  As a matter of sequencing the issues in this case, the Court may, and should, remand this case without first reaching the question of whether there is personal jurisdiction over the Stake Defendants.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 576 (1999) ("If personal jurisdiction raises difficult questions of state law, and subject-matter jurisdiction is resolved as easily as personal jurisdiction, a district court will

---

[1] Plaintiff's authorities do not compel a different conclusion.  Indeed, the only binding appellate authority or cases from this district Plaintiff cites on this issue are in completely distinct procedural postures.  For example, in *Victory Transp., Inc. v. Comisaria General de Abastecimientos y Transportes,* 336 F.2d 354, 355 (2d Cir. 1964) and *Pathak v. Molopo Energy Ltd*., 2013 WL 5477594, at \*1 (S.D.N.Y. Oct. 2, 2013), the party opposing arbitration was the one challenging personal jurisdiction.  Here, by contrast, Plaintiff cannot dispute that he is subject to the Court's personal jurisdiction and thus cannot challenge this Court's authority to compel him to arbitration.  *Transatlantic Bulk Shipping, Ltd. v. Saudi Chartering S.A.*, 622 F. Supp. 25, 26 (S.D.N.Y. 1985) and *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 394 (2d Cir. 2009), are more remote still, in that those cases related to efforts to enforce or confirm an arbitration award, rather than a motion to compel arbitration.

[2] This principle applies with even greater force in this case, where, for the avoidance of doubt, Defendants and Plaintiff have also entered into a stipulation under which Defendants "expressly reserve and do not waive any objections or defenses they might raise to the Complaint under Rule 12(b), including but not limited to any defenses or objections based on lack of personal jurisdiction," and Plaintiff affirms he "will not challenge any motions Defendants subsequently file under Rule 12(b) on the basis that the motions, or any arguments contained therein, are untimely or have otherwise been waived, forfeited, and/or abandoned by virtue of Defendants moving to compel arbitration or filing related submissions in furtherance of seeking to compel arbitration."  Stipulation ¶¶ 2–3.

ordinarily conclude that federalism concerns tip the scales in favor of initially ruling on the motion to remand. . . The federal design allows leeway for sensitive judgments of this sort.").[3]

With respect to whether the Court must have personal jurisdiction over the Stake Defendants in order to grant the anticipated motion to compel arbitration, the Plaintiff recognizes that there is authority in this District that the Court may resolve a motion to compel arbitration without first resolving personal jurisdiction. *See, e.g., Lewis v. ANSYS, Inc.*, No. 19-cv-10427, 2021 WL 1199072, at *3 (S.D.N.Y. Mar. 30, 2021).

That said, there is also contrary authority indicating that personal jurisdiction is a prerequisite to the entry of an order compelling arbitration. *See Victory Transp., Inc. v. Comisaria Gen. de Abastecimientos y Transportes*, 336 F.2d 354, 363 (2d Cir. 1964) ("We hold that the district court had in personam jurisdiction to enter the order compelling arbitration"); *Pathak v. Molopo Energy Ltd.,* No. 13-CV-2812, 2013 WL 5477594, at *5 (S.D.N.Y. Oct. 2, 2013) ("Even after subject-matter jurisdiction has been established, a court must still establish that it has the power to compel Respondent to proceed with arbitration.") (citing *Transatlantic Bulk Shipping Ltd. v. Saudi Chartering S.A.*, 622 F. Supp. 25, 27 (S.D.N.Y. 1985)); *Ziboukh v. Whaleco*, Inc., 795 F. Supp. 3d 349, 387 n.13 (E.D.N.Y. 2025) ("personal jurisdiction is a prerequisite to the Court deciding Defendants' motion to compel" arbitration); *Hines v. Stamos*, 111 F.4th 551, 565 (5th Cir. 2024) ("[A] court cannot rule on arbitrability without subject-matter and personal jurisdiction."); *accord Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 398 (2d Cir. 2009) (describing personal jurisdiction as a "prerequisite" to the enforcement of an arbitration award under the New York Convention).

In light of these cases, the Plaintiff's position is that the authority indicating personal jurisdiction must be present antecedent to an order compelling arbitration is more consistent with Supreme Court and appellate courts' treatment of personal jurisdiction as a limit on the Court's adjudicatory power. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."; *Villalobos v. Telemundo Network Grp. LLC*, No. 22-cv-7665, 2024 WL 5008980, at *4 (S.D.N.Y. Dec. 6, 2024) ("The rules governing personal jurisdiction . . . are driven by constitutional concerns over the court's power to exercise control over the parties.") (quoting *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 394-95 (S.D.N.Y. 2019) (Cronan, J.); *Reading Health Sys. v. Bear Stearns & Co.,* 900 F.3d 87, 95 (3d Cir. 2018) ("[R]esolving a dispute over arbitrability requires a district court to apply its law-declaring power regarding the parties' right to arbitrate."). [4]

---

[3] *See also Codarpo Corp. v. Wilson*, 997 F. Supp. 322, 323–327 (E.D.N.Y.1998) (granting motion for remand and declining to consider motion to dismiss for lack of personal jurisdiction); *Nordlich v. New York Telephone Co.,* 617 F. Supp. 220, 222 (S.D.N.Y.1985) ("Because the motion for remand goes directly to the Court's power to adjudicate this dispute, I address it first.").

[4] *Accord Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224-27 (2d Cir. 2014) (vacating order enforcing foreign arbitration award after finding personal jurisdiction absent); *One Techs., LLC v. Amazon.com, Inc.*, 860 F. App'x 785, 788 (2d Cir. 2021) (vacating dismissal of claim based on arbitration clause for lack of personal jurisdiction).

Respectfully submitted,

| | |
|---|---|
| */s/ David McGill* | */s/ E. Scott Schirick* |
| David McGill | E. Scott Schirick |
| COUNSEL FOR THE STAKE | COUNSEL FOR DEFENDANT |
| DEFENDANTS | CHRISTOPHER FREEMAN |
| | |
| */s/Michael W. McTigue Jr.* | */s/Michael Castiglione* |
| Michael W. McTigue Jr. | Michael Castiglione |
| COUNSEL FOR THE | COUNSEL FOR PLAINTIFF |
| COINBASE DEFENDANTS | |